Birchard, J.
dissenting. I dissent from the above opinion. The extent to which this Court has ever gone in sustaining an action against a corporation, falls far short of what was necessary to sustain this case. In my opinion, the Court of Common Pleas gave the law to the jury correctly. So thought this Court upon the circuit, and the judgment was affirmed. I should cheerfully retrace that decision, and indeed would desire to do so, if not entirely satisfied of its correctness. The case of Rhodes v. Cleveland, 10 Ohio Rep. 159, established' a new principle, before unknown to the profession in this and our sister States. It was one that justice seemed to demand; and for myself I can here say, that as I understand it, and as it was understood by the learned Judge who delivered the opinion in that case, I have no desire to shake its authority. It goes not further than to subject a corporation to an action, upon a state of facts which, would have subjected a natural person. Apply that principle to this casé, and there was no error. The rights of the public to the highway, for the legitimate purposes of travel, and improving the road, are as perfect and absolute as the rights of a natural person are to his private property in lands. This right extends to all above and all below the surface, and he may use his own as best pleases himself, doing no unnecessary injury to his neighbor. If he choose to erect buildings or fences, so as to throw a- part of his neighbor’s garden adjoining him into the shade, no action can be sustained for the injury. If he sees proper to dig up his own soil, or to grade down his own lot, he may do it, taking cafe not to undermine his neighbor’s structures, or to break the soil of his neighbor’s lot, and no action will lie, although it may make it necessary for that neighbor to accommodate himself to the same grade.
The town council of Akron kept themselves strictly within the powers conferred upon them. They touched not the plaintiff’s soil; did not undermine his houses, fences, or other structures; did nothing wantonly, maliciously, or negligently. *482 Every act was strictly legal. So that no consequences flow from it that would have made a natural person liable, had he the owner and performed the same acts. The injury, and the only injury to the plaintiff in such a case, must have been of the same nature as that which is sustained by the owner of a village lot, whose neighbor has graded down his own adjoining lot without disturbing him in any manner. The Court of Common Pleas charged the jury, in substance, that for such a cause no action could be maintained. The books abundantly sustain them. In a legal sense, there was no injury; nothing which the law recognizes as such. . The amount in controversy in this case is of no moment; but the principle which this decision establishes is of great importance. It is pregnant with mischievous consequences, which, when fully developed, will be too grievous to be borne. They will reach, if carried into practice, every portion of the State, and obstruct the improvement of all public roads, ways, and alleys, in each town, village and city. My hopes are still, that the rule applied in this case may be limited to the office of reversing the judgment before us, that it may live and die with the cause which brought it into being; and if not, that it may be hereafter understood and limited by my brethren as I would now limit it — giving a right of action against a corporation only upon a state of facts that would subject a natural person if committed by him instead of the corporation.